```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

PEGGY FINNEY,                    *

    Plaintiff,                  *

vs.                              *
                                        CASE NO. 4:10-CV-99-CDL
AFLAC FEDERAL CREDIT UNION AND   *
AFLAC INCORPORATED,
                                 *
    Defendants.
                                 *

## O R D E R

Plaintiff Peggy Finney ("Finney") filed this lawsuit alleging claims for discrimination and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, against Defendants AFLAC Federal Credit Union and AFLAC Incorporated ("Defendants"). Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties filed a Mutual Dismissal with Prejudice (ECF No. 22). The Court recognized the termination of the case based on the stipulation of dismissal. Finney, proceeding *pro se*, filed a Motion to Set Aside Dismissal (ECF No. 23), asserting that she did not agree with her attorney's decision to enter into the stipulation of dismissal. For the following reasons, the Court denies Finney's Motion to Set Aside.

Under Rule 41(a)(1)(A)(ii), a plaintiff can voluntarily dismiss a case without a court order by filing "a stipulation of dismissal signed by all parties." A stipulation of dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). "It is clear that a stipulation of dismissal with prejudice . . . constitutes a final judgment on the merits." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978).[1] As a final judgment, a dismissal with prejudice by stipulation of the parties can only be set aside pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) sets forth the following grounds for relief from a final judgment:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence . . .;

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

---

[1] The Eleventh Circuit treats decisions of the Fifth Circuit rendered before October 1, 1981 as binding. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

While Finney's motion does not cite to Rule 60(b) or recite any ground listed in the Rule as a basis for relief from the stipulation of dismissal, the Court construes her motion as a Rule 60(b) motion. Finney has not shown that she is entitled to relief under any provision of Rule 60(b). At best, Finney has attempted to claim relief under Rule 60(b)(6), the catch-all provision. Rule 60(b)(6) relief, however, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Rease v. Harvey*, 376 F. App'x 920, 921 (11th Cir. 2010) (per curiam)(internal quotation marks omitted).

Finney seeks relief on the basis that she did not agree with or approve her attorney's decision to enter into the stipulation of dismissal with prejudice. Mot. to Set Aside Dismissal; Pl.'s Reply to Defs.' Resp. to Mot. to Set Aside 3, ECF No. 25. To determine whether Rule 60(b) relief is justified, the Court must look to state law to evaluate the agreement in light of Finney's argument. *See Jackson v. Con-Way Transp. Servs.*, 222 F. App'x 887, 890-91 (11th Cir. 2007)(per curiam)(evaluating a Rule 60(b) motion challenging consent to a settlement agreement by looking to applicable state law). Georgia law governs the authority of Finney's attorney to enter into the agreement on her behalf. *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1120 (11th Cir. 1991). "According to Georgia law, an attorney has the apparent authority to enter

into a binding agreement on behalf of a client and such agreement is enforceable against the client." *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999).  Thus, because the parties' agreement to dismiss the case, signed by counsel for Finney and Defendants, is enforceable, the Court finds that Finney has not shown any extraordinary circumstance as required for Rule 60(b)(6) relief.

Finney has failed to satisfy Rule 60(b) as required to set aside the stipulation of dismissal.  Therefore, the Court denies Finney's Motion to Set Aside Dismissal (ECF No. 23).

IT IS SO ORDERED, this 16th day of November, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE